UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **OSCAR ROBERTO PINEDA PARADA** | **CASE NO. 25-cv-1660 SEC P** |
| -vs- | **JUDGE DRELL** |
| **SHAD RICE, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

On October 31, 2025, Oscar Roberto Pineda Parada ("Pineda Parada"), a detainee at the Central Louisiana ICE[1] Processing Center in Alexandria, Louisiana, filed a petition for a writ of habeas corpus (Doc. 1) and a motion for temporary restraining order ("TRO") (Doc. 2).

In the petition, Pineda Parada seeks: (1) a bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a), (2) a bona fide determination by U.S. Citizenship and Immigration Services regarding his petition for a U Visa as the child of a victim of a serious crime who has cooperated with law enforcement, (3) an order from this court directing "Respondents to show why the writ should not be granted 'within three days unless for good cause additional time, not exceeding twenty days, is allowed,' and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C. § 2243," and (4) costs and reasonable attorney's fees.

In his motion Pineda Parada seeks a TRO directing he remain in the Western District of Louisiana during the pendency of this matter, and directing he receive "an individualized bond hearing at which the Department of Homeland Security will bear the burden of proving by clear

---

[1] ICE is an acronym for Immigration and Customs Enforcement

1

and convincing evidence that Petitioner is a danger to community and that no financial bond and conditions can mitigate Petitioner's risk of flight." (Doc. 2-2).

I.  Law and Analysis

A. Show Cause Order

In support of his request for a show cause order, Pineda Parada cites 28 U.S.C. § 2243 which provides in pertinent part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." Danforth v. Minnesota, 552 U.S. 264, 278 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018 (Hanna, M.J.)[2]; see also, Taylor v. Fusman, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. 2020).

Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or … [may] take other action" in its

---

[2] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

2

discretion. See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation. See, e.g., Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Requiring a response to the pending habeas petition within three days increases the risk of a ruling that inadequately addresses the issues due to more evolving or unknown facts. Both parties will be better served by a ruling based on the correct facts and applicable law, rather than a quick one. A 30-day response deadline to conduct a meaningful investigation is warranted, commonplace, and reasonable under Rule 4. See Romero v. Cole, No. 1:16-CV-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 2016 WL 2844013 (collecting cases). Accordingly,

### B. Temporary Restraining Order

Pineda Parada seeks a temporary restraining order requiring Respondents to ensure he is not moved outside of the Western District of Louisiana, and ordering that he be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Pineda Parada's claim is properly before this court. He is seeking review by this court of a constitutional claim – due process – as he is being subjected to mandatory detention under § 1225(b). See Hector Luis Hernandez-Fernandez v. Lyons, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025).

By way of background, on February 18, 2020 Pineda Parada's mother applied for U Visas for herself and her children on the basis that she was a victim of a serious crime who cooperated with law enforcement. Three years later, on March 29, 2023, Pineda Parada entered the United

States without inspection.[3] On October 11, 2023, he filed forms with United States Citizenship and Immigration Services ("USCIS") one requesting advance permission to enter as a nonimmigrant and another seeking authorization to gain employment. Since that time, Pineda Parada has lived in the United States with his mother and sisters, and while USCIS granted their U Visas, they have yet to issue a bona fide determination as to Pineda Parada.

On October 13, 2025, Pineda Parada was involved in an automobile accident and was arrested by local police[4] and charged with driving without a license and hit and run driving. The following day, he was arrested by ICE agents, and at some time thereafter, he was transferred to the Central Louisiana ICE Processing Center where he remains to date. He has been detained pursuant to 8 U.S.C. § 1225 which allows for detention without a bond hearing. He contends that he should have been denied pursuant to 8 U.S.C. § 1226 and provided a bond hearing as he has been living in the United States since 2023.

To obtain injunctive relief, Pineda Parada must establish: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F.Supp.3d 518, 521 (W.D. La. 2018)(citations omitted).

    i.    Substantial likelihood of success on the merits

Pineda Parada argues that because he was an alien who has lived in the United States since 2023, he should have been detained pursuant to § 1226. In support, he cites a number of cases

---

[3] The petition does not state Pineda Parada's country of origin.
[4] The petition does not state where Pineda Parada has been living, but context clues lead the court to believe he has been in the Greater New Orleans area.

which support his position. Among them is Jennings v. Rodriguez, 583 U.S. 281 (2018) in which the Supreme Court examined the two statutes and noted that § 1225(b) "applies primarily to aliens seeking entry into the United States" whereas § 1226 "applies to aliens already present in the United States." Id. at 297 and 303. Additionally, the court explained that § 1226(a) requires aliens held under § 1226 are to receive bond hearings at the outset of detention. Courts within this district have relied upon Jennings in deciding whether to grant temporary restraining orders to those who, like Pineda Parada, claim their constitutional rights are being violated by being automatically detained pursuant to § 1225 and denied bond hearings. Kostak v. Trump, 3:25-CV-1093, 2005 WL 2472136 (W.D. La. Aug. 27, 2025); Lopez Santos v. Noem, 3:25-CV-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025).

We find that Pineda Parada will likely succeed on the merits of his claim. He has lived in the United States since 2023 and has been known by USCIS since October of 2023. As such, he should have been detained pursuant to § 1226(a) and provided a bond hearing. Instead, he has been detained pursuant to § 1225 and denied his due process rights.

    ii.    Irreparable harm

Pineda Parada contends, and we agree, that an unconstitutional deprivation of liberty, even on a temporary basis constitutes irreparable harm. See Book People, Inc. v. Wong, 91 F.4th 318, 340-41 (5th Cir. 2024); Kostak, 2025 WL 2472136, at *3.

    iii.    Balance of equities and public interest

The third and fourth factors for injunctive relief are merged into one when the government is a party to the case. Nken v. Holder, 556 U.S. 418, 435 (2009). To succeed here, Pineda Parada must show the deprivation of his constitutional rights outweighs the injury to Respondents if the injunction is granted. As suggested by Pineda Parada, there is a public interest in ensuring people's

constitutional rights are upheld. As noted in Kostak, "[t]he Petitioner's threatened injury, her continued detention without a bond hearing in violation of her Fifth Amendment rights, far outweighs the burden to Respondents of conducting a bond hearing." Id. at *4. This is particularly true as, until recently, these bond hearings were afforded with regularity.

As Pineda Parada has satisfied his burden of proving entitlement to a TRO, we will order that he should be provided an individualized bond hearing before an immigration judge pursuant to § 1226(a).

II.  Conclusion

In light of the foregoing,

**IT IS ORDERED** that the request for the issuance of an order to show cause is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for a temporary restraining order is **GRANTED**. Petitioner should be provided an individualized bond hearing before an immigration judge pursuant to § 1226(a) no later than November 12 at which the Department of Homeland Security will bear the burden of proving by clear and convincing evidence that Petitioner is a danger to the community and that no financial bond and conditions can mitigate his risk of flight. If the hearing is not conducted, Pineda Parada shall be released until it has been determined that he should be detained by the Attorney General as set forth in § 1226.

**IT IS FURTHER ORDERED** that Respondents shall notify the court of the status of the bond hearing by November 14, 2025.

**IT IS FURTHER ORDERED** that if bond is denied, Respondents shall not move Petitioner out of the Western District of Louisiana pending the outcome of this case.

**IT IS FURTHER ORDERED** that Respondents shall file an answer to the Petition

(Doc. 1) within 60 days of this Order.

THUS DONE AND SIGNED at Alexandria, Louisiana this ___4th___ day of November 2025.

                                                  DEE D. DRELL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT