**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

OSCAR ROBERTO PINEDA PARADA                         CASE NO.  25-cv-1660 SEC P

-vs-                                                                                     JUDGE DRELL

SHAD RICE ET AL                                     MAGISTRATE JUDGE PEREZ-MONTES

---

## ORDER

Before the court are a "First Amended Petition for Writ of Habeas Corpus" (Doc. 24) and

an *ex parte* motion for a temporary restraining order ("TRO") (Doc. 25) filed by Petitioner Oscar

Roberto Pineda Parada ("Petitioner").  In the petition, Petitioner prays this court issue an order to

show cause "why the writ should not be granted 'within three days unless for good cause additional

time, not exceeding twenty days is allowed' and set a hearing on this Petition within five days of

the return, pursuant to 28 U.S.C. § 2243.  In both the Petition and the TRO, Petitioner seeks his

immediate release from unlawful detention as he is being denied his Fifth Amendment due process

rights.

Petitioner improperly relies upon 28 U.S.C. § 2243 for a show cause order and hearing.

[I]n 1976, the Supreme Court promulgated the Rules Governing Section 2254 Cases. Despite their title, these rules apply not only to Section 2254 cases, but they also state that "the district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]." District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241, such as Taylor's petition.

The Supreme Court promulgated these rules pursuant to 28 U.S.C. § 2072. That section provides that "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and that nothing in Title 28 "shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court." 28 U.S.C. § 2072(a), (b).  Although the statute provides that the rules shall not "abridge, enlarge, or modify any substantive right," id. § 2072(b),

the right to a hearing petitioner seeks involves a procedural, not a substantive, right. Therefore, the Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.

Numerous other courts have come to the same conclusion. See, e.g., Cluchette v. Rushen, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (holding that Rule 4 of the Rules Governing Section 2254 Procedures supersedes the strict scheduling requirements of 28 U.S.C. § 2243); Castillo v. Pratt, 162 F. Supp. 2d 575, 577-78 (N.D. Tex. 2001) (denying a motion for an expedited hearing under 28 U.S.C.§ 2243 because Rule 8 of the Rules Governing Section 2254 Procedures supersedes the statute's requirements); Romero v. Cole, No. 16-148, 2016 WL2893709, at *2 (W.D. La. 2018) ("[I]t is well settled that that the strict limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases."); Kramer v. Jenkins, 108 F.R.D. 429, 431-32 (N.D. Ill. 1985) (applying the same reasoning and finding the Section 2254 Rules govern in any conflict between the Section 2254 Rules and 28 U.S.C. § 2243). One court bluntly acknowledged that "[o]beying the explicit directives of Section 2243 is not possible." In re Habeas Corpus Cases, 216 F.R.D. 52, 54 (E.D.N.Y. 2001).

Taylor v. Gusman, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020).  See Y.V.S. v. Wolf, 2020 WL 4926545, at *2 (W.D. Tex. Aug. 21, 2020).[1]  Rule 4 of the Rules Governing Section 2254 Cases governs. It provides in pertinent part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ." RULES GOVERNING SECTION 2254 CASES, RULE 4.

Applying Rule 4 here, the Court declines to set a 3-day response time. Instead, under the circumstances, a 21-day response time is appropriate.

---

[1] See also RULES GOVERNING SECTION 2254 CASES, RULE 4, ADVISORY COMMITTEE NOTES ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, e.g., [Allen v. Perini, 424 F.2d 134, 141 (1970)]), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.").

Turning to Petitioner's TRO, we note that in Dept. of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020), the Supreme Court explained that "the essence of a [writ of] habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Id. at 117 (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). In this matter, the relief sought by Petitioner in both his TRO and petition is immediate release from unlawful detention. Thus, we find the TRO to be nothing more than an attempt to have his petition decided immediately. Courts in the Western District of Louisiana have consistently denied such attempts,[2] and this matter is no exception. Accordingly,

**IT IS ORDERED** that Petitioner's motion for temporary restraining order (Doc. 25) is **DENIED**. It is further

**ORDERED** that Respondents shall file a response to the "First Amended Petition for Writ of Habeas Corpus" (Doc. 24) within **21 days** following the date of service. Petitioner shall have **7 days** following the filing of Respondent's response to file a reply. It is further

**ORDERED** that Petitioner's request for a hearing is **DENIED** at this time.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 2ND day of April 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] See Rinette Nguikoh v. Field Office Director, No. 3:26-00567, 2026 WL 801261 (W.D.LA. Mar. 23, 2026); Ortega v. U.S. Immigration and Customs Enforcement, No. 6:26-00865, 2026 WL 776600 (W.D.LA Mar. 18, 2026); Cano Alvarez v. South Louisiana ICE Processing Center, No. 26-0696, 2026 WL 660752 (W.D.LA. Mar. 9, 2026); Rodriguez v. Lyons, No. 25-1926, 2025 WL 3553742 (W.D.LA. Dec 8, 2025)