a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

OSCAR ROBERTO PINEDA
PARADA,
Petitioner

CIVIL DOCKET NO. 1:25-CV-01660
SEC P

VERSUS

JUDGE DRELL

SHAD RICE ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-
MONTES

## REPORT AND RECOMMENDATION

Before the Court is an Amended Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Oscar Roberto Pineda-Parada, an immigration detainee at the Central Louisiana ICE Processing Center.  ECF No. 24 at 2.

Because Pineda-Parada's continued detention violates his constitutional rights, the Petition should be GRANTED.

I.    Background

Pineda-Parada is a native of El Salvador.  ECF No. 27-1 at 1.   On February 18, 2020, his mother filed a U-visa petition on her own behalf and on Pineda-Parada's behalf as her child.  ECF Nos. 1 at 7; 24 at 3.

Pineda-Parada entered the United States without inspection on March 29, 2023.  ECF No. 1 at 7.

1

On October 11, 2023, Pineda-Parada filed Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, and Form I-765, Application for Employment Authorization, in connection with the pending U-visa proceedings. *Id.*

Pineda-Parada has been detained since October 14, 2025. ECF Nos. 1 at 8; 24 at 2.

In the original Petition, Pineda-Parada alleged he was being detained without a bond hearing. ECF No. 1 at 9-10. He requested an individualized bond hearing at which the Department of Homeland Security ("DHS") would bear the burden of proving dangerousness or flight risk by clear and convincing evidence. *Id.* at 13.

On November 4, 2025, the Court entered a Temporary Restraining Order ("TRO") requiring the Government to provide an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), at which DHS would bear the burden of proving dangerousness and flight risk. ECF No. 7.

An Immigration Judge conducted a hearing on November 7, 2025, but concluded that the Immigration Court lacked jurisdiction over the bond request, and alternatively found that Pineda-Parada was both a danger to the community and a flight risk. ECF No. 10-1 at 2. Pineda-Parada filed a motion to enforce the TRO contending that the hearing did not comply with the district court's TRO because the Immigration Judge did not apply the burden of proof required by the Court's Order. *Id.* The Court denied the Motion. ECF No. 18.

On December 18, 2025, Pineda-Parada was ordered removed to Ecuador, with Guatemala as an alternative country.    ECF No. 27-2 at 1.  He appealed, and the appeal remains pending.[1]

In March 2026, U.S. Citizenship and Immigration Services ("USCIS") granted Pineda-Parada deferred action and employment authorization through March 2030. ECF Nos. 24 at 4; 25-1.

## II.    Law and Analysis

### A.    The Court has jurisdiction.

Respondents contend that 8 U.S.C. § 1252 deprives the Court of jurisdiction. The Court disagrees.  Pineda-Parada does not challenge a removal order, seek review of removal proceedings, or request immigration relief.  Rather, he challenges the legality of his continued detention and seeks release from custody.  Such claims fall within the traditional scope of habeas review. *See Diallo v. Trump*, 25-CV-2012, 2026 WL 382606, at *1 (W.D. La. Feb. 4, 2026) (Edwards, J.) (citing *Martinez v. Trump*, No. 25-CV-1445, 2025 WL 3124847, at *1–2 (W.D. La. Oct. 22, 2025)); *see also Gama v. Bondi*, No. 2:25-CV-01925, 2025 WL 3559942, at *3 (W.D. Wash. Dec. 12, 2025) (finding that § 1252 did not strip the court of jurisdiction where petitioner's claims arise from USCIS's grant of deferred action, combined with ICE's refusal to honor that grant, rather than the execution of a removal order).

---

[1] https://acis.eoir.justice.gov/en/caseInformation

B.    <u>Petitioner's Continued Detention Is Unlawful.</u>

This case presents an unusual circumstance in which one component of DHS grants deferred action and employment authorization to an alien, while another component continues to detain him notwithstanding that determination. ECF No. 24 at 4; Doc. 25-1 at 3.

In *Guerra Leon v. Noem,* Judge Doughty concluded that a petitioner with active deferred action was likely to succeed on the merits of his habeas petition. *Guerra Leon v. Noem*, No. 3:25-CV-1495, 2025 WL 4113562, at *4–6 (W.D. La. Oct. 30, 2025). The Government argued that deferred action did not confer lawful immigration status and therefore did not prevent execution of a removal order. *Id.* at *4. Judge Doughty rejected that argument, explaining that respondents cited no authority permitting removal while deferred action remained in effect. *Id.* at *5. Instead, the court concluded that the operative fact was the petitioner's active grant of deferred action, which rendered him "non-removable while his deferred action status remains in effect." *Id.* The court therefore ordered the petitioner's immediate release. *Id.* at *6.

Likewise, in *Miguel v. Noem*, the petitioner received deferred action through October 14, 2028, following a favorable Bona Fide Determination on her U-visa petition. *Miguel v. Noem*, 26-CV-0910, 2026 WL 1742018, at *3 (W.D. La. May 19, 2026), *report and recommendation adopted,* 2026 WL 1740559 (W.D. La. June 16, 2026). Despite that active deferred action, ICE re-detained her. *Id.* The magistrate judge recommended granting habeas relief, relying principally on *Guerra Leon*,

because Miguel's deferred action remained active and unrevoked. *Id.* at 3–5. Judge Doughty overruled the Government's objections and ordered the petitioner's immediate release. *Id.* at ECF No. 13.

The reasoning of *Guerra Leon* and *Miguel* is persuasive here.[2] Like the petitioners in those cases, Pineda-Parada possesses an active grant of deferred action that remains in effect. ECF No. 25-1 at 3. The Government does not contend that USCIS has revoked or terminated Pineda-Parada's deferred action. Instead, it principally argues that deferred action does not constitute lawful immigration status and remains a discretionary exercise of prosecutorial discretion.

Quoting from the USCIS Policy Manual, the Government notes that "'USCIS reserves the right to revoke the BFD EAD [Bona Fide Determination and Employment Authorization Document] and terminate the grant of deferred action at any time if it determines the BFD EAD or favorable exercise of discretion are no longer warranted, or the prior BFD EAD and deferred action were granted in error.'" ECF No. 27 at 10. While it is certainly true that USCIS may exercise its discretion to terminate deferred action, it has not exercised that discretion here. Like the petitioners in *Miguel* and *Guerra Leon*, Pineda-Parada's deferred action remains valid.

Furthermore, as the Policy Manual explicitly states, "[a]liens granted deferred action are considered to be in a period of stay authorized under USCIS policy for the

---

[2] Although *Guerra Leon's* release arose at the preliminary injunction stage, *Miguel* was decided after full briefing, Respondents' written objections, and a de novo review by the district judge.

period deferred action is in effect." USCIS Policy Manual, Vol. 1, Part H, Ch. 2(A)(4). Although deferred action confers no immigration status, the Government may not continue detaining Pineda-Parada while USCIS simultaneously exercises its discretion to defer his removal through March 11, 2030. As Judge Doughty recognized in *Guerra Leon* and *Miguel*, the existence of an active deferred-action grant distinguishes these circumstances from those of an ordinary removable noncitizen.

The conclusion reached in *Miguel* is reinforced by the reasoning in *Immigration Center for Women & Children ("ICWC") v. Noem*, No. 2:25-cv-09848, 2026 WL 1455004, at *25–38 (C.D. Cal. May 20, 2026). In certifying a class of noncitizens granted deferred action based on favorable Bona Fide Determinations for U-visa and T-visa petitions, the court recognized that DHS has established procedures governing deferred action and concluded that detaining individuals with active deferred action without first utilizing those procedures presented a substantial risk of erroneous deprivation. Although *ICWC* is not binding and arose in a different procedural posture, its analysis lends additional persuasive support to the conclusion that an active grant of deferred action is a legally significant determination that must be accounted for in determining the legality of Pineda-Parada's continued detention. *See also Munoz-Leal v. Bondi*, 4:25-CV-06072, 2026 WL 1847745, at *1 (S.D. Tex. June 26, 2026) (finding the reasoning in *ICWC* persuasive).

Although the conclusion reached here does not depend solely upon procedural due process principles, several courts have recognized that noncitizens with active

6

deferred action possess constitutionally protected liberty interests. *See Benitez-Umanzor v. Jackson Par. Corr. Ctr.*, No. 26-CV-0940, 2026 WL 948795, at *2 (W.D. La. Apr. 8, 2026) (Van Hook, A.) (vacated on other grounds) (collecting cases). And the risk of erroneous deprivation is considerable given USCIS's grant of deferred action—months after an immigration judge ordered removal—and Pineda-Parada's continued detention without an opportunity to be heard regarding the effect of the newly granted deferred action on his continued detention. *See Mathews v. Eldridge*, 424 U.S. 319 (1976); *ICWC*, 2026 WL 1455004, at *40-41. Furthermore, in making its bona fide determination, the Government found Pineda-Parada poses no risk to national security or public safety. *See* USCIS Policy Manual, Vol. 3, Part C, Ch. 5. The Government's interest in holding Pineda-Parada without hearing is low, particularly considering the grant of deferred action. *See Santiago v. Noem*, 25-CV-361, 2025 WL 2792588, at *12 (W.D. Tex. Oct. 2, 2025) ("Where an individual is protected from removal through deferred action, their detention serves no valid purpose."). Therefore, the *Mathews* factors weigh in Pineda-Parada's favor.

The Government's reliance on *Raghav v. Jaddou*, 2025 WL 373638 (E.D. Cal. Feb. 3, 2025), is misplaced. The petitioner in *Raghav* had a final order of removal and sought a Temporary Restraining Order predicated on the filing of a U-visa petition to forestall its execution. *Id.* at *1–2. Pineda-Parada's removal proceedings remain pending before the BIA. The Government's assertion that Pineda-Parada "has an undisputed final order of removal that is currently pending on appeal to the BIA" (ECF No. 27 at 12) is internally inconsistent. A removal order pending before

7

the BIA is not administratively final.  *See* 8 CFR § 1241.1.  Also, Raghav had not received a bona fide determination or deferred action like Pineda-Parada.

Although Judge Edwards recently denied habeas relief in *Salto Carchi v. Bondi*, 2026 WL 1834305 (W.D. La. June 25, 2026), that case involved a challenge to USCIS's termination of deferred action.  Here, by contrast, the Court is not asked to review a decision by USCIS to terminate deferred action.  Unlike *Salto Charchi*, Pineda-Parada's deferred action remains active and unrevoked.

Because Pineda-Parada's deferred action remains active and unrevoked, and because the Government continues to detain him without any process addressing the effect of that grant on his continued detention, the Court concludes that the Government has not established a lawful basis for continuing Pineda-Parada's detention on the present record.  Accordingly, his continued detention violates the Fifth Amendment.

## III.   Conclusion

For the foregoing reasons, and consistent with the reasoning of *Guerra Leon*, *Miguel*, and *Immigration Center for Women & Children*, IT IS RECOMMENDED that the Amended Verified Petition for Writ of Habeas Corpus (ECF No. 24) be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 1, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE